CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
July 25, 2024
LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MEGAN STEPANSKY, | ) |
| Plaintiff, | ) Case No. 7:23-cv-00698 |
| v. | ) **MEMORANDUM OPINION** |
| SOUTHWEST VIRGINIA REGIONAL JAIL AUTHORITY, *et al.*, | ) By:   Hon. Thomas T. Cullen |
| | )       United States District Judge |
| Defendants. | ) |

This matter is before the court on Plaintiff Megan Stepansky's request for a preliminary injunction and/or temporary restraining order ("TRO"). (ECF No. 8.) Stepansky asks that this court "grant her an immediate injunction on any and all Capius [*sic*] Warrants/Cases out of Scott County, VA and a Temporary Restraining Order from all listed Defendants." (*Id.* at 1.)

Federal Rule of Civil Procedure 65 governs preliminary injunctions and TROs. The Fourth Circuit explained the different functions of preliminary injunctions and TROs in *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*:

> While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held: "[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."

174 F.3d 411, 422 (4th Cir. 1999) (alteration in original) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974)).

In either scenario, injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). To succeed on such a request, the party seeking a TRO or preliminary injunction must demonstrate by a "clear showing" that: (1) she is likely to succeed on the merits at trial; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008); *see Mogensen v. Welch*, No. 6:23-cv-00077, 2023 WL 8756708, at *2 (W.D. Va. Dec. 19, 2023). The party seeking relief must show that the irreparable harm she faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd.*, 952 F.2d at 812 (internal quotations omitted). Without a showing that the plaintiff will suffer imminent, irreparable harm, the court cannot grant interim equitable relief. *See Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991).

Further, a TRO or preliminary injunction is not appropriate when the harm complained of does not arise from the harm alleged in the complaint. *See Omega World Travel v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). The movant must establish a nexus between the injury claimed in the motion and the conduct giving rise to the complaint. *See id.*; *see also In re Microsoft Corp. Antitrust Litig.*, 333 F.3d 517, 525–26 (4th Cir. 2003). Neither a TRO nor a preliminary injunction may "issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *See Omega World Travel*, 111 F.3d at 16 (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)); *see also Nealson v. Owens*, No. 7:23-cv-00445, 2024 WL 1977180, at *1 (W.D. Va. May 3, 2024).

Here, Stepansky asks for two types of relief: an "immediate injunction on any and all Capius [*sic*] Warrants/Cases out of Scott County, VA and a Temporary Restraining Order from all listed Defendants." The court will deny both of these requests.

Her first request—enjoining all warrants or cases against her in Scott County, Virginia—cannot be granted, as this court is bound to abstain from ongoing state criminal proceedings. "Federalism, a fundamental principle under our Constitution, requires that federal courts respect the sovereignty of their state counterparts," including through the doctrine of abstention. *Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 93 (4th Cir. 2022). Under *Younger v. Harris*, 401 U.S. 37 (1971), abstention is warranted when there is an ongoing state criminal prosecution. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (cleaned up).

Here, insofar as Stepansky asks this court to enjoin active warrants for her arrest, *Younger* requires that the court decline to do so because an active warrant establishes that there is an ongoing state criminal prosecution. *See id.* As Stepansky's request relates to any potential capias or other warrant that *may* be issued against her, her request is also too speculative. *See Direx Israel, Ltd.*, 952 F.2d at 812 (noting that any irreparable harm must be "neither remote nor speculative, but actual and imminent"). The court, therefore, must deny her motion for an injunction as it relates to state criminal warrants.[1]

In her second request, Stepansky asks the court to issue a TRO "from all listed Defendants." (ECF No. 8.) This vague, unspecific request does not meet the high threshold necessary to warrant the extreme remedy sought. Although she alleges that she is "being

---

[1] There are, of course, state remedies to address warrants issued without cause or in violation of one's constitutional rights.

hunted like an animal and stalked electronically by the Defendants" (*id.* at 1), she does not allege any specific facts to support that conclusory allegation or specify any terms she seeks as part of the TRO, *see* Fed. R. Civ. P. 65(d). Additionally, her petition does not clearly establish potential irreparable harm,[2] and she fails to offer any arguments related to her likely success on the merits at trial, the balance of equities, or the public interest. Finally, her broad request for a seemingly all-encompassing TRO against Defendants is outside the bounds of the harm allegedly arising out of her complaint, *see Omega World Travel*, 111 F.3d at 16 (citing *Devose*, 42 F.3d at 471), and therefore is inappropriate.

For all these reasons, Stepansky's request for a preliminary injunction and a temporary restraining order will be denied.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 25th day of July, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[2] An arrest in a state court criminal proceeding does not constitute irreparable harm.